WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
By: Shara Claire Cornell
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                                                   :
                                                         :  Case No. 19-23577 (SHL)
   KEMONE NADIA FRANCIS,                    :
                                                         :  (Chapter 11 Subchapter V)
          Debtor. :
---------------------------------------------------------x

**OBJECTION TO THE APPLICATION OF LINDA M. TIRELLI, ESQ. SEEKING LEAVE FOR APPOINTMENT AS ATTORNEY OF RECORD**

William K. Harrington, United States Trustee for Region 2 (the "**United States Trustee**"), hereby files his Objection to the Application of Linda M. Tirelli, Esq. ("**Counsel**") Seeking Leave for Appointment as Attorney of Record (the "**Application to Employ**"). In support of the Objection, the United States Trustee respectfully represents and alleges as follows:

## I.    SUMMARY

The United States Trustee objects to the Application to Employ which was filed on Notice of Presentment because it does not comply with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the United States Trustee Guidelines. Specifically, the Application to Employ provides for the following:

- Payment of a postpetition retainer without justification;

- The retention of Counsel without a requirement that Counsel keep contemporaneous time records; and

- Drawing down on a postpetition retainer without Court authority.

As discussed below, the Application to Employ cannot be approved without a hearing

1

where Counsel must demonstrate that the request for a postpetition retainer meets the test established in *In re Knudsen Corp.*, 84 B.R. 668 (B.A.P. 9th Cir. 1988).

## II. BACKGROUND

1. This is the second chapter 13 filing by this Debtor. The first chapter 13 filing commenced with the filing of a chapter 13 petition on March 30, 2015 (Case No. 15-22408). The Debtor was represented by Michael H. Schwartz, Esq., as counsel in those proceedings. According to Mr. Schwartz' Application for Final Compensation for the period June 24, 2015 to February 2018, the Debtor's efforts with respect to Loss Mitigation were unsuccessful. On May 11, 2018, upon the motion of the Krista M. Preuss, in her capacity as Chapter 13 Trustee (the "**Chapter 13 Trustee**"), the Court dismissed the chapter 13 case due to the Debtor, *inter alia*, having created unreasonable delay prejudicial to creditors, failing to comply with section 1307(c)(1), having loss mitigation terminated without a loan modification, and being unable to confirm a feasible plan.

2. On September 4, 2019, the Debtor again filed for protection under chapter 13 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). According to the petition, the Debtor was represented by Linda Tirelli, Esq., Tirelli Law Group, LLC ("**Counsel**").

3. On the Disclosure of Compensation of Attorney for Debtor(s), Counsel disclosed that on or prior to September 4, 2019, the Debtor paid Counsel $7,000. Petition at 16, ECF Dkt. No. 1. This certification was signed on September 4, 2019 by Linda Tirelli. In return for this compensation, Counsel agreed to provide, *inter alia*, the following services:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required . . .

2

4. On or about October 8, 2019, the Debtor filed her chapter 13 plan in which she proposed to make make sixty (60) monthly payments to the Chapter 13 Trustee in the sum of $1355 each month. ECF Dkt. No. 10. Subsequently, objections to confirmation were filed by two different creditors each holding a secured claim. *See* Dkt. No. 17 and 27.

5. On December 9, 2020, the Debtor filed a Motion to Convert Chapter 13 Case to Chapter 11 Subchapter V ("**Motion to Convert**"). ECF Dkt. No. 30. According to the Motion to Convert, the Debtor did not qualify as a chapter 7 Debtor based on her income and means calculation and her secured debt (consisting of aggregate mortgage debt on two different properties) exceeded the chapter 13 debt limit of $1,257,850.[1] The hearing on the Motion to Convert was held on January 6, 2020. ECF Dkt. No. 31.

6. On April 23, 2021, the Court issued an Order Converting the Chapter 13 Case to Subchapter V of Chapter 11 Case. ECF Dkt. No. 33.

7. On May 20, 2021, Counsel filed the Application to Employ ("**Application to Employ**") on Notice of Presentment with a presentment date of June 7, 2021. ECF Dkt. No. 41. According to the Application to Employ, Counsel has been representing the Debtor in connection with her chapter 13 proceeding since on or about October 5, 2018 when Counsel received a signed retainer agreement and a check for her retainer. Application to Employ at ¶ 5. Counsel averred that "[t]hroughout the course of the Chapter 13 case, it was determined that the claims as filed exceeded the statutory limits for a Chapter 13 case set forth under 11 U.S.C. 109(e)." *Id*. at ¶ 7.

8. According to Counsel, she spoke with the Debtor on December 4, 2020, and was retained to convert the Debtor's case to a chapter 11 subchapter V case.

---

[1] Note that according to the Chapter 13 Trustee's Final Report the sum of secured claims was $1,061.646.71 which would be within the debt limits of chapter 13. *See* ECF Dkt. No. 43.

9. Counsel stated that at the time of signing of the retainer (signed on December 4, 2020), the Debtor agreed to pay a $12,000 retainer to Counsel. While not entirely clear, it appears that this retainer was unpaid at the time of the filing of Counsel's Application to Employ.

10. The Chapter 11 Retainer Agreement attached to the Application to Employ states, "If the retainer is used up, we will make an application to the Court for additional fees for which you will be responsible for payment." Chapter 11 Retainer Agreement. ECF Dkt. No. 41-4.

11. On May 24, 2021, the Chapter 13 Trustee filed a Final Report and Accounting indicating that $25,745.00 in receipts were paid on behalf of the Debtor and that $23,414.40 was refunded to the Debtor. ECF Dkt. No. 43.

12. On May 28, 2021, the United States Trustee filed its Objection to Subchapter V Designation and Motion to Dismiss with One-Year Bar ("**Motion to Dismiss**"). ECF Dkt. No. 44.

### III. ARGUMENT

As an initial matter, the Chapter 11 Retainer Agreement was signed on December 4, 2020. In that contract, the Debtor agreed to pay Counsel $12,000. No notice of that contract was provided to the Court or parties. All contracts for legal services on behalf of a chapter 11 debtor must be disclosed to the court. *See, e.g., In re Grenoble Apartments*, 152 B.R. 608, 611 (S.D.S.D. 1993) (holding that conducting legal research on behalf of the chapter 11 debtor requires approval by the court). There was no 2014 disclosure made to the Court. *See* 9 Collier on Bankruptcy P 2014.01 (16th 2021) ("Rule 2014 also applies in the event there is a debtor in possession in chapter 11"). "Fed.R.Bankr.P. 2014 requires that a professional seeking employment in a bankruptcy case submit a 'verified statement… setting forth the person's

connections' to the debtor, creditors and any other party in interest." *In re Leslie Fay Cos.*, 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994) (citing Fed. R. Bankr. P. 2014).

   **1. Counsel Has Not Met the Standard for a Postpetition Retainer**

Counsel asks this Court to approve a $12,000 postpetition retainer. "A determination of whether, and in what amount, a retainer should be paid is best left to the parties and the discretion of the Court." *In re Jefferson Bus. Ctr. Assocs.*, 135 B.R. 676, 680 (Bankr. D. Colo. 1992). "Such a determination must be made on a case-by-case basis" and the burden is on the applicant to prove that the terms of the retention are reasonable. *Id*. (citing *In re NBI, Inc.*, 129 B.R. 212, 219 (Bankr. D. Colo. 1991)).

In determining whether a postpetition retainer is reasonable, courts have considered the following factors: (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the ability of the debtor to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of debtor's counsel; and (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should this Court determine that the fees paid to counsel are not justified. *See In re Truong*, 259 B.R. 264, 267 (Bankr. D.N.J. 2001); *In re Knudsen Corp.*, 84 B.R. 668 (B.A.P. 9th Cir. 1988). Counsel's Application to Employ fails to provide any basis for the postpetition retainer.

Indeed, the facts of this case do not support the payment of a postpetition retainer. First, although it is possible that Counsel anticipated that the Debtor would have the funds to pay her upon conversion of the case from a chapter 13 when monies were refunded to the Debtor from the Chapter 13 Trustee, there is no information that would suggest that the Debtor can afford a $12,000 retainer – on top of the $7,000 retainer she paid in October 2019. Nor is there any information regarding the impact that the loss of such funds would have upon her ability to

5

maintain her two properties. Moreover, as the Debtor is an individual, there is no information regarding the impact such a loss of funds would have upon the Debtor's ability to be current on her monthly expenses and to propose a feasible plan of reorganization.

If the Debtor plans to use any funds returned from the Chapter 13 Trustee that were collected originally for disbursement to creditors but were returned for failure to confirm a plan, that should be disclosed to this Court. Including her prior two chapter 13 cases, the Debtor has been under the protection of this Court for approximately eight years, with no confirmed plan and few (if any) payments have been made to any creditors. Instead, the Debtor has paid approximately $39,000 in legal fees[2] and Counsel now wants Debtor to pay an additional postpetition retainer of $12,000 without justification. Moreover, Counsel has failed to justify how or if the original $7,000 retainer was applied.

To allow a post-petition retainer would result in the cost of administration utilizing the Debtor's only available cash, which could be used to pay its secured creditors that have not received any payment in over eight years. Accordingly, such a retainer must be justified by Counsel.

The United States Trustee reserves its right to further object should Counsel supplement its Application to Employ.

2. **Payment of Legal Fees Prior to Allowance by the Court Should Not be Permitted**

The Chapter 11 Retainer Agreement attached to the Application to Employ states, "If the retainer is used up, we will make an application to the Court for additional fees for which you

---

[2] This includes $32,000 paid in Case No. 15-22408-shl filed on March 15, 2015 and dismissed on May 11, 2018 without a confirmed plan to Attorney Michael Schwartz. See Statement of Financial Affairs (Attorney Compensation Disclosure) Case No. 15-22408, ECF Dkt. No. 1, Application for Final Fees, Case No. 15-22408, ECF Dkt. No. 62, and Order Granting Application for Final Fees, Case No. 15-22408, ECF Dkt. No. 66.

6

will be responsible for payment." Chapter 11 Retainer Agreement. This is unacceptable – Counsel must apply to the Court for payment of <u>any</u> legal fees, even for draws from its prepetition or postpetition retainers.[3]

If the Court were to allow Counsel to be retained by the Debtor, the proposed retention is not consistent with 11 U.S.C. § 331, which requires professionals to apply to the Court not more than once every 120 days after an order for relief is granted. Section 331 requires that applications for compensation be on notice so that all interested parties as well as the Court may examine the reasonableness of the fees and expenses requested in the application.

The Application to Employ is similarly inconsistent with the requirements of 11 U.S.C. § 330. Bankruptcy Code § 330 authorizes a bankruptcy court to award reasonable compensation to a fee applicant based on the actual, necessary services, and to reimburse him for his actual, necessary expenses. 11 U.S.C. § 330(a)(1). "The fee applicant bears the burden of proof on its claim for compensation." *In re W. End Fin. Advisors, LLC*, No. 11-11152 (SMB), 2012 Bankr. LEXIS 3045, at *8 (Bankr. S.D.N.Y. July 2, 2012). Even in the absence of an objection, the Court has an independent duty to scrutinize the fee request. *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir. 1994). To this end, the applicant must submit contemporaneous time records. *Masterwear Corp. v. Angel & Frankel, P.C. (In re Masterwear Corp.)*, 233 B.R. 266, 278 & n.14 (Bankr. S.D.N.Y. 1999).

The standards for time records are contained in this Court's Fee Guidelines, as amended, and the guidelines issued by the Executive Office of United States Trustees. *See* 28 C.F.R., pt. 58, App. A (2011) ("**UST Guidelines**"). The fee applicant bears the burden of proof to

---

[3] The reasons the Motion to Dismiss was filed were known by Counsel prior to filing the Application to Employ. To the extent the Application to Employ is granted, the United States Trustee intends to object to any fee application.

demonstrate the reasonableness and necessity of its services in its time records. *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) ("As the fee applicant, plaintiffs 'bear[] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed.'") (internal citation omitted).

No reasonable justification supports the proposed engagement of Counsel on the terms before this Court and, more importantly, Counsel fails to provide the Court with any meaningful review process until after the allowance is paid. If the Court were to find that compensation was not reasonable, could the fees paid be disgorged and brought back into the bankruptcy estate? The terms proposed to retain Counsel create considerable risk to creditors. There are insufficient safeguards to protect the interests of creditors if services are unwarranted and unreasonable, and no exceptional circumstances have been demonstrated to support the requested payment arrangement or the postpetition retainer. To allow such an arrangement will bind the estates of the Debtor prior to establishing value provided by the services.

## IV. CONCLUSION

The Application to Employ is deficient and must be denied. At minimum, this Court should hold a hearing where Counsel must explain the deviation from standard practices and the propriety of the proposed postpetition retainer.

WHEREFORE, the United States Trustee respectfully requests the Court deny the Application to Employ and grant such other and further relief this Court deems just and proper.

Dated: New York, New York  
      June 7, 2021

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2

By: */s/ Shara Claire Cornell*  
Shara Claire Cornell, Trial Attorney  
201 Varick Street, Room 1006  
New York, New York 10014  
Tel. No. (212) 510-0500